UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELVIS MOSQUEA,

                    Plaintiff,                    15-cv-9410 (PKC)

    -against-                               ORDER

CITY OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Elvis Mosquea, who is represented by counsel, moves to amend his Complaint pursuant to Rule 15(a)(2), Fed. R. Civ. P.  Mosquea alleges that uniformed officers employed by the City of New York Department of Correction in the Anna M. Kross Center on Rikers Island unlawfully subjected him to excessive force in incidents that took place on December 20, 2012 and May 21, 2015.  (Compl't ¶ 2.)  The Complaint was filed on December 1, 2015 (Docket # 1), and Mosquea's claims are governed by a three-year limitations period.

        Based on information obtained in initial discovery, Mosquea's proposed amended complaint would substitute seven John and Jane Doe defendants involved in the December 20, 2012 incident, and four Doe defendants involved in the May 21, 2015 incident, with the names of the officers who were purportedly involved.

        Defendants oppose the motion only to the extent that Mosquea seeks to substitute the Doe defendants involved in the December 20, 2012 incident.  They do not oppose the motion as it relates to the May 21, 2015 incident.  Defendants argue that the substitution of John and Jane Doe defendants from the 2012 incident with newly named defendants is time-barred and does not "relate back" to the initial complaint.

Rule 15(a)(2) provides that if more than 21 days have elapsed after the service of a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As noted, the Complaint was filed on December 1, 2015, and its claims directed to the incident of December 20, 2012 were timely under the three-year limitations period for section 1983 claims.

Rule 15(c) governs the circumstances when "[a]n amendment to a pleading relates back to the date of the original pleading . . . ." Mosquea relies entirely on Rule 15(c)(1)(C)(ii), which permits the substitution of a party if the wrong party has been named a defendant based on "a mistake concerning the proper party's identity." However, <u>Hogan v. Fischer</u>, 738 F.3d 509, 517-18 (2d Cir. 2013), expressly rejected the argument that the use of a John or Jane Doe party constitutes "mistake," and held that "'the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.'" (quoting <u>Barrow v. Wethersfield Police Dep't</u>, 66 F.3d 466, 470 (2d Cir. 1995)). Because Mosquea's use of John and Jane Doe defendants in the initial Complaint does not constitute "mistake," his reliance on Rule 15(c)(1)(C)(ii) is misplaced, and the motion to amend on that basis is denied.

<u>Hogan</u> adopted a separate, alternative rationale that permits the substitution of a Doe defendant based on the law governing New York's limitations period. Mosquea, who is represented by counsel, has not cited this reasoning as a basis for amending the Complaint. The Court nevertheless addresses why <u>Hogan</u> does not, on this record, provide a basis to grant Mosquea's motion to amend.

<u>Hogan</u> concluded that, for a section 1983 claim, New York law governing the limitations period "permit[s] John Doe substitutions <u>nunc pro tunc</u>." <u>Hogan</u>, 738 F.3d at 518-19.

This is because Rule 15(c)(1)(A) "permits an amended pleading to relate back when 'the law that provides the applicable statute of limitations allows relation back.'" Id. at 518.  Because section 1983 does not contain its own statute of limitations, federal courts apply New York's three-year limitations period for personal-injury claims.  See id. at 517, citing CPLR 214.

New York CPLR 1024 establishes a procedure for claims against John Doe defendants, providing in part that "'[i]f the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.'"  For a John Doe defendant to be substituted under CPLR 1024, the movant must make a showing on to two points:

> First, the party must exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name.  Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant.

Hogan, 738 F.3d at 519 (quotation marks and citations omitted).  Hogan concluded that because the plaintiff "submitted multiple discovery requests" to ascertain the identity of the John Doe defendants and because his initial complaint "describes with particularity the date, time, and location" of the underlying incident, he satisfied CPLR 1024, and amendment was therefore granted under Rule 15(c)(1)(A).  739 F.3d at 519.

Here, as to the incident of December 20, 2012, the Complaint identifies with precision the time and cell location where the alleged use of excessive force occurred – specifically, at approximately 2:30 p.m. "in quad 8 lower housing unit, in cell 8, the Punitive Segregation RHU Mental Observation Segregation Housing Unit."  (Compl't ¶¶ 44-45.) Consistent with Hogan, this allegation adequately "describes with particularity the date, time, and location" of the incident.  738 F.3d at 519.

However, Mosquea has made no showing as to the diligence of his efforts, "prior to the running of the statute of limitations," to identify the John and Jane Doe defendants who allegedly participated in the December 2012 incident.  The limitations period expired on December 20, 2015, nineteen days after the Complaint was filed.  Mosquea learned the Doe defendants' identities at some point between June 3, 2016 and August 4, 2016.  (See Waks Dec. ¶¶ 3-7.)

Mosquea has not described any efforts, prior to the expiration of the limitations period, to ascertain the identities of the John and Jane Doe defendants.  Further, the docket indicates that in the 19 days between the filing of the Complaint and the expiration of the limitations period, he requested that electronic summons be issued to named defendants but took no steps to ascertain the identities of the Doe defendants.  Because there is no evidence that Mosquea exercised due diligence to identify those defendants prior to the expiration of the limitations period, he cannot avail himself of CPLR 1024, and the proposed amendment does not "relate back" pursuant to Rule 15(c)(1)(A).  See Bumpus v. New York City Transit Auth., 66 A.D.3d 26, 30 (2d Dep't 2009) ("[a]ny failure to exercise due diligence to ascertain the 'Jane Doe's' name subjects the complaint to dismissal as to that party."); Gonzalez v. City of New York, 2015 WL 6873451, at *3 (S.D.N.Y. Nov. 9, 2015) (Schofield, J.) ("Where, as here, nothing in the record indicates that Plaintiff exercised due diligence before the statute of limitations expired, she may not use the 'John Doe' procedure in § 1024.").

To the extent that Mosquea moves to amend his complaint to make additional allegations concerning the incident of May 2015 based on information obtained in discovery, defendants do not oppose the motion, and it is granted.

CONCLUSION.

Plaintiff's motion to amend is granted in part and denied in part. The Clerk is directed to terminate the motion. (Docket # 59.)

The Clerk is also directed to terminate plaintiff's motion to withdraw the amended complaint, which was filed as a result of attorney error. (Docket # 58.)

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 5, 2016